UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK VELIZ, #485832,

       Plaintiff,                          Case No.: 05-CV-70502-DT

                                            HON. GEORGE CARAM STEEH
vs.                                          MAG. JUDGE WALLACE CAPEL, JR.

MICHIGAN DEPARTMENT OF
CORRECTIONS, NICK LUDWICK,
AND JERI-ANN SHERRY, et. al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

Plaintiff, Frank Veliz, is an inmate currently housed at the Muskegon Correctional Facility in Muskegon, Michigan. He filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that the Defendants violated his constitutional rights by being indifferent to his serious medical needs. Before the Court is Defendants Ludwick and Sherrys' "Motion to Dismiss," filed June 1, 2005.[1] In their Motion, Defendants claim that Plaintiff's Complaint should be dismissed because: 1) he has failed to exhaust his administrative remedies; 2) he has failed to allege facts showing personal involvement on the part of Defendants; and 3) Defendants are entitled to qualified immunity. It is

---

[1] A Notice of Appearance was filed in this matter on May 6, 2005, by Diane M. Smith, an Assistant Attorney General, on behalf of Defendant Ludwick and Sherry. It appears that counsel's appearance on behalf of Warden Sherry is a mistake. Plaintiff's Complaint does not name Ms. Sherry as a Defendant, or assert any claims against her. Furthermore, in his Response, Plaintiff clearly indicates that Ms. Sherry is not a Defendant in this case.

only necessary to address Defendants first argument because Plaintiff has failed to exhaust his administrative remedies.

## II. LAW

### A. 42 U.S.C. § 1997e

#### 1. Applicability of Administrative Remedies

No action shall be brought with respect to prison conditions under Section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

## III. ANALYSIS

Under Section 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a Section 1983 action in federal court; Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. Id. at 1104. Before the district court adjudicates any claims set forth on the plaintiffs complaint, the court must determine that the plaintiff has complied with this requirement. Id. Section 1997e(a) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). The prisoner must exhaust his remedies as to all claims arising from his confinement, including excessive force, equal protection, and other constitutional claims. Hartsfield v. Vider, 199 F.3d 305, 308 (6th Cir. 1999); Freeman, 196 F.3d at 643-44. The prisoner must "file a grievance against the person he ultimately seeks to sue." Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001). Not only must the prisoner file a grievance with regard to each defendant, he "must administratively exhaust his claim as to each defendant associated with the claim." Burton v. Jones,

321 F.3d 569, 574 (6th Cir. 2003). In order for a Michigan prisoner to exhaust a claim against a particular defendant, he must have alleged mistreatment or misconduct on the part of the defendant at Step One of the Michigan Department of Corrections grievance process. Id. at 575. To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his Section 1983 complaint, any decision demonstrating the administrative disposition of his claims or describe with specificity the administrative proceeding and its outcome. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000), cert denied, 531 U.S. 1040, 121 S.Ct. 634 (2000). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome. The action must be dismissed under Section 1997e." Id.

Finally, if a prisoner's complaint contains both exhausted and unexhausted claims, the entire complaint must be dismissed without prejudice. Bey v. Johnson, 407 F.3d 801, 805 (6th Cir. 2005). In this case, Plaintiff has failed to establish the alleged acts of misconduct or mistreatment on the part of these defendants at Step One of the grievance process. None of the documentation or grievance forms provided by the Plaintiff name these Defendants or allege their involvement in the acts complained of at any step in the grievance process. Plaintiff's Complaint, therefore, must be dismissed for failure to exhaust his administrative remedies as required by Section 1997e(a).

**IV.   CONCLUSION**

For the reasons stated above, it is respectfully recommended that Plaintiff's Complaint be **DISMISSED** for failure to exhaust his administrative remedies as required by Section 1997e(a).

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation that they may serve and file specific, written objections to the proposed findings

and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

                                                    s/Wallace Capel, Jr.
                                                  **WALLACE CAPEL, JR.**
                                                  **UNITED STATES MAGISTRATE JUDGE**

**Date:** September 14, 2005

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Diane M. Smith, Assistant Attorney General, Corrections Division, P. O. Box 30217, Lansing, Michigan 48909,

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Frank Veliz, #485832, Muskegon Correctional Facility, 2400 S. Sheridan Road, Muskegon, Michigan 49442-6298.

                                         s/James P. Peltier
                                         United States District Court
                                         Flint, Michigan 48502
                                         810-341-7850
                                         E-mail: pete_peltier@mied.uscourts.gov