UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK VELIZ, #485832,

    Plaintiff,

                                  Case No.: 05-CV-70502-DT

vs.

MICHIGAN DEPARTMENT OF           HON. GEORGE CARAM STEEH
CORRECTIONS, NICK LUDWIG,
et. al.,

    Defendants,

_____/

<u>OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF
THE MAGISTRATE JUDGE TO DISMISS WITHOUT PREJUDICE</u>

      Pro se plaintiff, Frank Veliz, brought suit against the Michigan Department of Corrections and several of its employees pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants violated his constitutional rights by their indifference to his medical needs. Specifically, plaintiff alleges that while being processed into the custody of the Michigan Department of Corrections, employees of said department caused his hearing aids and their case to be broken. Plaintiff alleges that the defendants' failure to replace his hearing aids has caused undue suffering and discomfort. For the reasons stated below, plaintiff's cause of action is DISMISSED WITHOUT PREJUDICE.

      The Sixth Circuit has held that prior to filing a complaint pursuant to 42 U.S.C. § 1983, *all* state administrative remedies must first be exhausted, as indicated in 42 U.S.C.A. § 1997e(a) (emphasis added). <u>Brown v. Toombs</u>, 139 F.3d 1102, 1103-04 (6th Cir. 1998). In the present case, it appears that plaintiff has exhausted his administrative remedy on only one of the grievances which he has filed (grievance number SMN 2004-

05-0579-19C). While the court recognizes the fact that this is the first time plaintiff has been incarcerated and he may not be entirely familiar with the prison's grievance process, the controlling precedent explicitly holds that partial exhaustion of administrative remedies does not satisfy the requirements of the Prison Litigation Reform Act. Smith v. Federal Bureau of Prisons, 300 F.3d 721 (6th Cir. 2002).

In dismissing plaintiff's cause of action without prejudice for failure to exhaust his administrative remedies, the court is in no way ruling on the merits of this case. It has been noted by the Fourth Circuit that failure to provide adequate hearing aids may indeed constitute deliberate indifference in certain instances. Large v. Washington County Detention Center, 1990 WL 153978 (4th Cir. 1990). In the present instance, such a determination could not be made without knowledge of additional facts.

Because plaintiff has failed to exhaust all of his administrative remedies pursuant to 42 U.S.C.A. § 1997e(a), this cause of action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

                s/George Caram Steeh
                GEORGE CARAM STEEH
                UNITED STATES DISTRICT JUDGE

Dated: November 3, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on November 3, 2005, by electronic and/or ordinary mail.

                s/Josephine Chaffee
                Secretary/Deputy Clerk