UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK VELIZ, #485832,

       Plaintiff,

                                      Case No.: 05-CV-70502-DT

vs.

MICHIGAN DEPARTMENT OF          HON. GEORGE CARAM STEEH
CORRECTIONS, NICK LUDWIG,
et. al.,

       Defendants,

_____/

<u>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION</u>

*Pro se* plaintiff Frank Veliz has moved for reconsideration of this court's dismissal of his 42 U.S.C. § 1983 claims brought against the Michigan Department of Corrections and several of its employees. The basis for dismissal of the suit was plaintiff's failure to exhaust administrative remedies. Plaintiff contests this by attaching the response he received at the third step of the prison grievance procedure, and asserts he did exhaust the available administrative remedial process.

The court noted in its prior order in this matter that *prior to filing a complaint pursuant to 42 U.S.C. § 1983, all state administrative remedies must first be exhausted*, as indicated in 42 U.S.C.A. § 1997e(a) (emphasis added), citing <u>Brown v. Toombs</u>, 139 F.3d 1102, 1103-04 (6th Cir. 1998), and that by its order it was not ruling on the merits of this case. The "Third Step Grievance Response" attached by plaintiff to his motion for reconsideration, which he asserts demonstrates such exhaustion, is dated March 10, 2005, a date more than two months later than the filing of plaintiff's complaint. Clearly,

plaintiff cannot demonstrate that exhaustion of remedies within the prison system had occurred *prior* to filing his suit in federal court, which is required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

For the foregoing reasons, the court hereby DENIES plaintiff's motion for reconsideration, and confirms its earlier dismissal of the case WITHOUT PREJUDICE. This ruling leaves plaintiff with the ability to reassert such claims, so long as he has exhausted all available administrative remedies as to all named defendants, and attaches the disposition of the available administrative remedies to his complaint. Id. Plaintiff must specifically allege fulfillment of these requirements in his complaint as well. Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002).

IT IS SO ORDERED.

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  December 1, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on December 1, 2005, by electronic and/or ordinary mail.

S/Josephine Chaffee
Secretary/Deputy Clerk

2